**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROSENDO PEREZ-ZARATE,              )<br>                                                        )<br>                   Plaintiff,            )<br>                                                        )     2:09-cv-01567-RLH-LRL<br>v.                                                    )<br>                                                        )     **O R D E R**<br>BRAVO PRO MAINTENANCE, INC., *et al.*,   )<br>                                                        )<br>                   Defendants.       )<br>                                                        ) | |

     Before the court are plaintiff's Motion for Sanctions and to Deem Admissions Admitted (#27) and Status Report (#42). On July 30, 2010, the court held a hearing on plaintiff's Motion to Compel (#25) and the instant motion (#27). At the hearing, the court addressed defendants' failure to respond to plaintiff's outstanding discovery requests. The court again advised that the while the individual defendants could represent themselves in this action, the defendant corporation, Bravo Pro Maintenance, is prohibited from appearing in federal court unless it is represented by an attorney. *See* Minutes (#38). The court granted plaintiff's Motion to Compel (#25) to the extent that the defendants had twenty days, or until August 19, 2010, to answer interrogatories and produce documents. The defendants were warned that their failure to respond would result in sanctions. The court deferred ruling on the Motion for Sanctions and to Deem Admissions Admitted (#27) to allow defendants to respond to plaintiff's requests for admission. Defendants were ordered to respond the requests for admissions not later than August 19, 2010.

     On August 2, 2010, as ordered by the court, plaintiff filed a Certificate of Service (#40) indicating that all of the named defendants had been served with plaintiff's First Set of Interrogatories, First Request for Production of Documents, and First Set of request for Admission. Plaintiff represents that the defendants' have failed to respond to discovery. In his Motion (#27), plaintiff sought sanctions

in the form of attorney's fees in the amount of $1,500 as the cost of bringing his discovery motions. Through his Status Report (#42), plaintiff now asks the court to impose sanctions in the form of striking the defendants' Answers, pursuant to Rule 37(b)(2)(A)(iii).

While the court will order defendants to pay the attorney's fees requested in Motion (#27) and deem the requests for admissions admitted, plaintiff's latter request to strike the defendants' Answers will be denied without prejudice. Plaintiff is advised that motions to strike pleadings generally fall within the discretion of the district judge. Furthermore, by filing the request as a separate motion, defendants will be allowed a full and fair opportunity to respond.

Accordingly, and for good cause demonstrated,

IT IS ORDERED that plaintiff's Motion for Sanctions and to Deem Admissions Admitted (#27) is GRANTED. Plaintiff's requests for admissions are deemed admitted by each and all defendants.

IT IS FURTHER ORDERED that defendants shall, not later than October 1, 2010, pay the plaintiff's attorney's fees and costs in the amount of $1,500.00 incurred in bringing the motion.

IT IS FURTHER ORDERED that plaintiff's request for an order striking the defendants Answers is denied without prejudice.

Dated this 9th day of September, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**