# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSENDO PEREZ-ZARATE, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRAVO PRO MAINTENANCE, INC., a Nevada corporation; ADRIAN RAMIREZ, an individual; ALFONSO RAMIREZ, an individual; GABRIEL RAMIREZ, an individual; GUILLERMO ALONSO, an individual; DOES 1 through 100, inclusive; ROE CORPORATIONS 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 2:09-cv-001567-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Attorney Fees–#57) |

Before the Court is Plaintiff Rosendo Perez-Zarate's **Motion for Attorney Fees** (#57, filed Feb. 9, 2011). No Defendant responded.

Plaintiff filed this action on August 19, 2009, for violations of the Fair Labor Standards Act, violation of NRS Chapter 608, unjust enrichment, conversion, and alter ego. The Court eventually granted Plaintiff's Motion for Summary Judgement (#44) on October 5, 2009, and entered a judgment of $611,124.74. Plaintiff has now filed a motion seeking attorney fees.

1

Under the "American Rule," parties generally assume the burden of paying their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). There are, however, several exceptions to this general rule, one of which Plaintiff argues applies to this case. Specifically, attorney's fees may be awarded pursuant to a statute providing for such an award. *Alyeska Pipeline*, 421 U.S. at 257.

Plaintiff argues that as the prevailing party, he is entitled to attorney fees under NRS § 18.010(2)(a). This section provides for attorney fees where the "prevailing party has not recovered more than $20,000." The Court is confused as to how this statute could possibly apply to this case as Plaintiff, the prevailing party, won a judgment of over $600,000. Further, it is unclear why this state statute would apply in a federal question case in federal court and Plaintiff does not proffer a reason. Accordingly, the Court denies Plaintiffs motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees (#57) is DENIED.

Dated: July 5, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)

2