1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

11 | ROSENDO PEREZ-ZARATE, on behalf of    )     Case No.: 2:09-cv-01567-RLH-LRL
himself and all others similarly situated;    )

12    )     **O R D E R**
   )
Plaintiffs,    )

13    )     (Motion for Judgment Against Garnishee
   )     Defendants –#63)
vs.    )

14    )

15 | BRAVO PRO MAINTENANCE, INC., a    )
Nevada corporation; ADRIAN RAMIREZ, an    )
individual; ALFONSO RAMIREZ, an    )

16 | individual; GABRIEL RAMIREZ, an    )
individual; GUILLERMO ALONSO, an    )

17 | individual; DOES 1 through 100, inclusive;    )
ROE CORPORATIONS 1 through 100,    )

18 | inclusive;    )
   )

19     Defendants.    )
_____)

20

21       Before the Court is Plaintiff Class' Motion for Judgment Against the Hard Rock

22   Café and the Elephant Bar ("Garnishees") (#63, filed May 22, 2012).  Garnishees have not filed an

23   Opposition.

24                         **BACKGROUND**

25       Plaintiffs commenced this action against Bravo Pro Maintenance ("Bravo Pro") to

26   recover unpaid wages earned while employed there.  The Court granted summary judgment in

1

AO 72
(Rev. 8/82)

favor of Plaintiffs on November 23, 2010 (#46), and ordered Bravo Pro to pay a judgment of $611,124.74 (#47).

Plaintiffs now seek to garnish portions of that judgment from Garnishees, which allegedly employ or employed the janitorial services of Bravo Pro. Plaintiffs claimed to have served Writs of Garnishment and Garnishment Interrogatories on Garnishees, but Garnishees failed to respond. Plaintiffs request this Court enter default judgment against Garnishees under NRS 31.320 for failure to respond. For the reasons discussed below, Plaintiffs' Motion for Judgment Against Garnishee Defendants is denied.

## DISCUSSION

Among the myriad issues fatal to Plaintiffs' motion, the Court will only address two, namely, that service was improper under federal rules and that the Writ of Garnishment is inadequate such that the Court cannot enter judgment against Garnishees. Federal rules require a corporation be served "by delivering [court documents] to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Plaintiffs sent process by mail to Defendants' out of state business address and identified only the "Hard Rock Café" and the "Elephant Bar" to receive the documents. In *Larsen v. Mayo Medical Center.*, service by mail was improper when process was not addressed to an authorized agent but to "Medical/Legal Department, Mayo Clinic." *See, e.g.*, 218 F.3d 863, 868 (8th Cir. 2000). Plaintiffs have not shown that they served an individual authorized to receive service. Therefore, service is invalid because Plaintiffs did not deliver process to an authorized agent of the Garnishees, but merely addressed the documents to the Garnishees' entities in general.

In addition, Plaintiffs did not specify an amount to be garnished in the Writ of Garnishment, as required under Nevada rules. NRS 31.320. Plaintiffs merely specified a percent of an undetermined sum of gross wages. Therefore, this Court could not grant judgment against Garnishees even if service was proper.

///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Judgment Against Garnishee Defendants (#63) is DENIED.

Dated July 18, 2012.

ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)